VICTOR MARRERO, United States District Judge.
*650 Plaintiff Royal Park Investments SA/NV ("Royal Park") commenced this putative class action, individually and on behalf of all others similarly situated, against U.S. Bank National Association ("U.S. Bank"), as trustee, alleging breach of the Trust Indenture Act, breach of contract, and breach of trust in connection with 25 residential mortgage-backed securities ("RMBS") trusts.[1] (See"Complaint," Dkt. No. 2.)
On September 26, 2017, Magistrate Judge James Francis IV issued an Order denying without prejudice Royal Park's motion to strike the advice of counsel defense asserted by U.S. Bank. (See"September 26 Order," Dkt. No. 326.) Royal Park now objects to the September 26 Order pursuant to Federal Rule of Civil Procedure 72 ("Rule 12"). (See"Royal Park Objection," Dkt. Nos. 327, 328.) For the reasons stated below, the Royal Park Objection is DENIED and the September 26 Order is AFFIRMED.
I. BACKGROUND
The context for the September 26 Order comprises a number of orders by Magistrate Judge Francis and submissions by the parties regarding (1) when U.S. Bank must assert or waive its affirmative advice of counsel defense, and (2) the sufficiency of Royal Park's interrogatory responses. The interrelatedness of these two issues is disputed by the parties.
The Court will not repeat all of the procedural history laid out in this Court's August 28, 2017 Order that is described below. ("August 28 Order," Dkt. No. 304.) In relevant part, in May 2017, Royal Park requested an order from Magistrate Judge Francis determining that U.S. Bank forfeited its right to assert an advice of counsel defense based on the large number of documents it had withheld as privileged. (See Dkt. No. 227.) On June 1, 2017, Magistrate Judge Francis ordered U.S. Bank to advise Royal Park regarding the advice of counsel defense by June 15, 2017, "failing which any such defense shall be deemed waived," and noted that "[i]dentification of specific alleged breaches [wa]s *651 not necessary." (See Dkt. No. 247.) On June 20, 2017, U.S. Bank moved to compel interrogatory responses from Royal Park. (See Dkt. No. 259.) On June 22, 2017, U.S. Bank filed an objection to the June 1 Order, which was later withdrawn. (See Dkt. Nos. 261, 277.)
On July 6, 2017, Magistrate Judge Francis ordered Royal Park to respond to U.S. Bank's interrogatories and extended the deadline for U.S. Bank to assert any advice of counsel defense to August 15, 2017 "[b]ecause, by that date, U.S. Bank will have notice of Royal Park's specific claims." (See"July 6 Order," Dkt. No. 273.) Later that day, Royal Park objected to the July 6 Order. (See Dkt. No. 274.) On August 16, 2017, U.S. Bank notified Royal Park that it "is not currently asserting and does not now intend to assert an advice of counsel defense, but nonetheless reserves all rights." (Dkt. No. 329, Ex. 2.) On August 21, 2017, Magistrate Judge Francis approved a Stipulation and Scheduling Order, which postponed certain discovery and litigation of the sampling issue in this case until after the resolution of sampling issues in similar cases in this district. (See Dkt. No. 301.)
On August 28, 2017, the Court rejected Royal Park's Rule 72 Objection to the July 6, 2017 Order. (See August 28 Order.) The Court concluded in relevant part that "although Magistrate Judge Francis may have held that identification of specific alleged breaches is not necessary, it was well within his discretion to find that, because such information would nonetheless be furnished by July 30 on account of his order granting a motion to compel, U.S. Bank ought to be able to avail itself of that information for the purposes of asserting the [advice of counsel] defense." (Id. at 21-22.)
The next day, on August 29, Royal Park moved to strike U.S. Bank's advice of counsel defense. (See Dkt. No. 306.) Royal Park argued that U.S. Bank waived the advice of counsel defense by failing to assert it by August 15, 2017 and that allowing U.S. Bank to "reserve the right" to assert an advice of counsel defense at some time in the future would prejudice Royal Park and engender case management problems. (See id. ) In opposition, U.S. Bank cited "this Court's recent order recognizing the relationship between Royal Park's claims and U.S. Bank's assertion of a defense" and requested that to the extent the Court granted Royal Park's motion to strike, Royal Park be precluded from asserting any claims not identified in its July 30, 2017 responses. (See Dkt. No. 309.) On August 30, 2017, U.S. Bank moved to compel Royal Park to further respond to U.S. Bank's contention interrogatories. (See Dkt. No. 305.)
On September 12, 2017, the Court referred Royal Park's motion to strike, which the Court indicated was a "[d]ispositive [m]otion (i.e., motion requiring a Report and Recommendation)" to Magistrate Judge Francis. (See Dkt. No. 312.)
On September 26, 2017, Magistrate Judge Francis issued the "Memorandum and Order" at issue here, in which he denied Royal Park's motion to strike U.S. Bank's advice of counsel defense without prejudice. Magistrate Judge Francis noted that the specificity of Royal Park's interrogatory answers was the subject of a motion compel, which he denied by separate Order that same day "because its disposition is dependent on whether sampling will be permitted." (September 26 Order at 2; see also Dkt. No. 324.) The Order continues:
In sum, a series of dominoes must fall before the issue of striking U.S. Bank's advice of counsel defense is ripe: (1) final decisions on sampling must be rendered in the parallel cases; (2) this *652 Court must rule on sampling; (3) based on that ruling, Royal Park may be required to amend its interrogatory answers; and (4) in light of those answers, U.S. Bank must determine the extent to which it will assert any advice of counsel defense.
(September 26 Order at 2.)
Royal Park now argues that the September 26 Order should be set aside because: (1) the Order is procedurally invalid because it was issued as an Order even though Royal Park's motion to strike was referred to Magistrate Judge Francis as a dispositive motion requiring a Report and Recommendation; (2) the September 26 Order ignored Magistrate Judge Francis's earlier Orders, which stated that if U.S. Bank did not assert the defense by the stated deadline it would be waived; (3) the September 26 Order improperly links the decision on whether loan file sampling will be permitted to the issue of U.S. Bank's assertion of the defense; (4) U.S. Bank does not require further interrogatory responses in order to assert or waive the advice of counsel defense; and (5) additional delay in entering an Order striking U.S. Bank's advice of counsel defense will unfairly prejudice Royal Park and increase the likelihood of case management delay. (See generally Dkt. Nos. 328, 336.)
In opposition, U.S. Bank argues that the September 26 Order is substantively reasonable and proper because: (1) it was Royal Park that insisted on delaying resolution of the sampling dispute until it is disposed of in other matters so Royal Park "should not be heard to complain that its position results in any delay in resolving U.S. Bank's potential advice of counsel defense" (Dkt. No. 333 at 15); (2) it was reasonable for Magistrate Judge Francis to rely on the fact that, after the sampling determination, Royal Park may seek to amend its interrogatory responses; (3) U.S. Bank must determine whether to assert the advice of counsel defense only after Royal Park potentially amends its claims; (4) U.S. Bank cannot be considered to have waived any defense of any claim that Royal Park has yet to specify; (5) it would be unfair to leave the door open to Royal Park to assert new claims, "while trying to shut it hard on U.S. Bank's defenses" (id. at 19). (See generally id. )
II. DISCUSSION
A. STANDARD OF REVIEW
As a threshold matter, the parties dispute the appropriate standard of review. Royal Park argues that the Court should review the September 26 Order de novo because its motion "was '[d]ispositive,' [and] the referral order required Judge Francis to issue a 'Report and Recommendation' to this Court." (Dkt. No. 336 at 4 (citing Dkt. No. 312).) U.S. Bank contends that the Court should apply the "clearly erroneous" or "contrary to law" standard to review the September 26 Order, which was the standard the Court used in reviewing the July 6 Order, because the September 26 Order "did not purport to determine any dispositive matter, but only ruled sensibly that the issue is not yet ripe for determination." (Dkt. No. 333 at 12-14, n.4.)
Under Federal Rule of Civil Procedure 72, a district judge reviews a "pretrial matter not dispositive of a party's claim or defense" under the "clearly erroneous or ... contrary to law" standard. Fed. R. Civ. P. 72(a). However, a pretrial matter that is "dispositive of a claim or defense" is reviewed de novo. Fed. R. Civ. P. 72(b) ; see also 28 U.S.C. § 636(b)(1). A district judge may accept, set aside, or modify, in whole or in part, the findings and recommendations of a magistrate judge. See *653 Fed. R. Civ. P. 72(b) ; DeLuca v. Lord, 858 F.Supp. 1330, 1345 (S.D.N.Y. 1994).
A "motion to strike an affirmative defense is clearly dispositive of a defense of a party." Specialty Minerals, Inc. v. Pluess-Staufer AG, 395 F.Supp.2d 109, 111 (S.D.N.Y. 2005) (internal quotation marks omitted). In addition, the Court referred Royal Park's motion to strike to Magistrate Judge Francis as a "[d]ispositive [m]otion (i.e., motion requiring a Report and Recommendation)." (Dkt. No. 312.) Therefore, the Court deems the September 26 Order a Report and Recommendation and reviews it de novo.[2] See Liberty Synergistics Inc. v. Microflo Ltd., 718 F.3d 138, 145 n.5 (2d Cir. 2013) (discussing a situation where a district judge deemed a magistrate judge's dispositive "Amended Memorandum Opinion and Order" to be a Report and Recommendation subject to de novo review); see also Estate of Jackson ex rel. Jackson v. Cty. of Suffolk, No. 12-CV-1455, 2014 WL 3513403, at *3 (E.D.N.Y. July 15, 2014) ("In an abundance of caution, the Court has treated the Spoliation Order as a Report and Recommendation and conducted a de novo review of the entire Spoliation Order.").
B. APPLICATION
Rule 12(f) of the Federal Rules of Civil Procedure allows a court to "strike from a pleading an insufficient defense." Fed. R. Civ. P. 12(f) ; see Emmpresa Cubana Del Tabaco v. Culbro Corp., 213 F.R.D. 151, 154 (S.D.N.Y. 2003). Courts "should not tamper with the pleadings unless there is a strong reason for so doing." Lipsky v. Commonwealth United Corp., 551 F.2d 887, 893 (2d Cir. 1976). A court will strike a defense as insufficient only if a plaintiff can meet the "stringent three-pronged test that (1) there must be no question of fact that might allow the defense to succeed; (2) there must be no substantial question of law that might allow the defense to succeed; and (3) the plaintiff must be prejudiced by the inclusion of the defense." Colonial Funding Network, Inc. for TVTCap., LLC v. Epazz, Inc., 252 F.Supp.3d 274, 288 (S.D.N.Y. 2017) (citing City of N.Y. v. Fedex Ground Package Sys., 314 F.R.D. 348, 355 (S.D.N.Y. 2016) ) (internal quotation marks omitted).
Questions of law and fact remain with respect to whether U.S. Bank's advice of counsel defense can succeed because the question of the sufficiency of Royal Park's interrogatory responses is still open. The Court has already held that it was properly in Magistrate Judge Francis's discretion to permit U.S. Bank an opportunity to review Royal Park's contention interrogatories in deciding whether to assert its advice of counsel defense. (See August 28 Order at 24.) It follows logically that the issue of the sufficiency of the interrogatory responses should be resolved prior to resolution of whether the advice of counsel defense has been waived.
That two other magistrate judges in this district presiding over similar cases filed by Royal Park issued Reports and Recommendations proposing that the advice of counsel defense be stricken is not controlling here. First, as discussed in the August 28 Order, this case is distinguishable from *654 Royal Park Investments SA/NA v. HSBC Bank USA Nat'l Ass'n, No. 14-cv-8175, because while
HSBC never requested an extension of time to assert the defense or objected to the deadline imposed pursuant to Rule 72 [,] ... [h]ere, U.S. Bank requested an extension of time by which to comply or object with the June 1 Order, which was granted; filed an objection to the June 1 Order ... and was granted a motion to compel interrogatory responses previously at issue in relation to the defense.
(August 28 Order at 23-24.) Similarly, U.S. Bank has subsequently moved to compel further interrogatory responses, and Magistrate Judge Francis has found-in an Order not under review here-that whether Royal Park is obligated to respond in the degree of detail sought by U.S. Bank is dependent on the currently unresolved sampling issue. (See Dkt. No. 324.)
In HSBC, defendant HSBC argued that it could not "determine whether it will be asserting an advice-of-counsel defense until the plaintiffs have identified the specific breaches they accuse HSBC of failing to act on." (HSBC, 14-cv-8175, Dkt. No. 233 at 3.) Magistrate Judge Sarah Netburn ruled that plaintiffs may "identify specific action or omission in connection with a specific trust or a specific loan that they believe constitutes a breach of HSBC's obligations," and upon receipt of such information, "HSBC shall have 14 days to decide whether it intends to rely on an advice of counsel defense in connection with that specific allegation." (Id. at 4.) Importantly, Magistrate Judge Netburn held that "[r]egardless, however, of the plaintiffs' ability to identify specific information about the loan-level breaches and/or Events of Default ... HSBC must decide whether it intends to assert an advice of counsel defense by January 27, 2017." (Id. ) Thus, the January 27, 2017 advice of counsel deadline in HSBC was imposed irrespective of information received from plaintiffs in that case.
By contrast, Magistrate Judge Francis's extension of the advice of counsel deadline to August 15, 2017-which the Court affirmed in the August 28 Order-was tied to U.S. Bank's receipt of information in the form of interrogatory responses from Royal Park. As Magistrate Judge Francis explained:
I ... extended the [advice of counsel] deadline to August 15, 2017, "because, by that date, U.S. Bank will have notice of Royal Park's specific claims" because Royal Park would have submitted amended answers to U.S. Bank's contention interrogatories. (Order dated July 6, 2017[.] ) Unfortunately, my assumption proved incorrect; although Royal Park did amend its interrogatory answers, the specificity of those answers is the subject of a motion to compel.
(September 26 Order at 1-2.)
Second, for similar reasons the Court has already held that it was within Magistrate Judge Francis's discretion to decide issues relating to the assertion of the advice of counsel defense differently than Magistrate Judge Barbara Moses did in Royal Park Investments SA/NA v. Deutsche Bank Nat'l Trustee Co., No. 14-CV-4394. (See August 28 Order at 24 ("Although Magistrate Judge Moses declined to ensure that Deutsche Bank would have an opportunity to review Royal Park's contention interrogatories in furtherance of its decision regarding whether to assert the defense ... it was in Magistrate Judge Francis's discretion to decide the issue differently and permit U.S. Bank an opportunity to review the relevant information.").)
In fact, in Magistrate Judge Moses's September 15, 2017 Report and Recommendation to District Judge Alison Nathan, which recommended striking the *655 advice of counsel defense in that case, Magistrate Judge Moses stated that it was "not particularly relevant to the present motion that Magistrate Judge Sarah Netburn took a similar approach in HSBC, supra, or that Magistrate Judge James C. Franc[i]s IV took a different approach." (Deutsche Bank, No. 14-cv-4394, Dkt. No. 471 at 9.) As Magistrate Judge Moses explained, Deutsche Bank is distinguishable from this case because "Deutsche Bank, unlike U.S. Bank, never moved to compel answers to its contention interrogatories seeking 'loan by loan' information concerning its alleged breaches. Deutsche Bank was therefore not in a position to seek a two-pronged order such as that issued by Judge Franc[i]s." (Id. at 10 n.4.) In light of the differences in the procedural history of this case and HSBC and Deutsche Bank, it is reasonable that Magistrate Judge Francis did not recommend striking the advice of counsel defense here, while Magistrate Judges Netburn and Moses did in their respective cases. Accordingly, the Court dismisses the Royal Park Objection and affirms the September 26 Order.
III. ORDER
For the reasons stated above, it is hereby
ORDERED that the objection pursuant to Federal Rule of Civil Procedure 72 of plaintiff Royal Park Investments SA/NV to the Order of Magistrate Judge Francis dated September 26, 2017 (Dkt. Nos. 327, 328) is DENIED and that the September 26 Order (Dkt. No. 326) is AFFIRMED.
SO ORDERED.

Following a stipulation of dismissal entered into by the parties on July 28, 2015, Royal Park's Trust Indenture Act and derivative claims, as well as claims relating to four of the trusts, have been dismissed. Accordingly, the only claims remaining are for breach of contract and breach of trust relating to 21 RMBS trusts. (See Dkt. No. 43; see also Dkt. No. 274 n.2.)

Although there is some disagreement among courts regarding whether a motion to strike an affirmative defense is a dispositive matter subject to determination by a magistrate judge, see Nat'l Bankers Tr. Corp. v. Peak Logistics, LLC, No. 12-CV-1455, 2012 WL 12909869, at *1 n.1 (W.D. Tenn. June 1, 2012) (collecting cases), here, the Court's decision regarding the standard of review is not outcome-determinative since the Court reviews the order de novo and affirms.